**In re Richard Lewis PARRISH and wife, Linda Sue Parrish, Debtors.**

**UNITED STATES of America for FARMERS HOME ADMINISTRATION and Commodity Credit Corporation, Appellant,**

v.

**Richard Lewis PARRISH and wife, Linda Sue Parrish, Appellees.**

Bankruptcy No. 585–50070.
Civ. A. No. CA–5–86–191.

United States District Court,
N.D. Texas,
Lubbock Division.

Jan. 7, 1987.

Marvin Collins, U.S. Atty., Dallas, Tex., Nancy M. Koenig, Asst. U.S. Atty., Lubbock, Tex., for appellant.

Thomas E. Tollett, Littlefield, Tex., for appellees.

Robert A. Doty, Lubbock, Tex., trustee.

## MEMORANDUM AND ORDER

WOODWARD, Senior District Judge.

Richard Lewis and Linda Sue Parrish, in the course of farming, have borrowed from the Farmers Home Administration (FmHA) $824,000.00. The Parrishes and the Commodity Credit Corporation (CCC) executed three contracts for the 1985 crop year. In exchange for certain acreage limitation and for application of approved conservation uses, the Parrishes were to receive price support and production adjustment payments. For the crop year 1985 advance payments were made to the Parrishes. Deficiency payments totaling $18,141.41 became payable under the CCC contracts after the crop was harvested.

After the contracts were executed and the advance payments were received, the Parrishes filed their petition in bankruptcy, a Chapter 7 proceeding.[1] On behalf of its two agencies, the United States of America filed a motion to lift stay pursuant to 11 U.S.C. § 362(d)(1) to allow it to setoff the debts.[2] On March 25, 1986, the government filed a brief in support of its motion.

After a "bifurcated" hearing, the bankruptcy court, Judge Robert McGuire presiding, denied the government's motion to lift stay on April 10, 1986.[3] Thereafter, the government filed a motion for a new trial and a motion to lift stay pursuant to 11 U.S.C. § 362(d)(2). Hearing no evidence

---

1. The petition was filed March 12, 1985.

2. The motion was filed March 10, 1986.

3. Judge McGuire heard evidence and argument of debtors' counsel at a hearing on March 27, 1986, in Dallas, Texas. By prior arrangement, the position of the United States Attorney was stated to the court in a later telephone conversation. Although the government asserts in its motion for new trial that it was prejudiced by this procedure, the results reached here make it unnecessary to address the procedural issues.

and little argument and without benefit of a transcript of the prior hearing, the bankruptcy court, Judge John Akard presiding, denied the motion for new trial, denied the motion to lift stay as duplicative of the first motion, and ordered the CCC to pay the Parrishes $18,141.41 in final deficiency payments within thirty days of the date of the order.

The government appealed Judge Akard's July 14, 1986 order. The government asserts that the bankruptcy court erred in denying its motion for new trial, in denying both its motions to lift stay, and in ordering the CCC to pay the deficiency payment to the debtors.

Although procedural complications exist, the basic question to resolve is: was the government entitled to setoff the $18,141.41 deficiency payment against the more than $800,000.00 FmHA debt? Judge McGuire's order articulates no basis for the denial of the first motion to lift stay. The transcript of the hearing does not explain the order. Judge Akard's order denying the motion for new trial and to lift the stay also fails to explain the rationale for his decision. A review of the transcript of the second hearing indicates that the orders were based upon the conclusion that the Parrish debt to FmHA was a prepetition debt while the CCC debt to the Parrishes arose postpetition. (P. 7.) Therefore, the bankruptcy court held that no right of set-off existed under 11 U.S.C. § 553, and, the government was not entitled to have the stay lifted.

On appeal, the government challenges the conclusion that the CCC obligation created by the contracts signed prepetition is a postpetition obligation of the government. The Parrishes do not question the right of the government to setoff the obligation of one agency to the debtor against the debtors' obligation to another agency.[4] The Parrishes do urge this court to hold that the CCC debt is not subject to setoff. They claim no payment was due from the government until after the crop was plant-

ed, a date after their petition was filed; therefore, they assert that the CCC debt is a postpetition obligation.

The findings of fact of the bankruptcy court can be set aside only if they are clearly erroneous; however, its judgment will be reversed if based upon an incorrect view of applicable law. *In the Matter of Missionary Baptist Foundation of America, Inc.*, 796 F.2d 752, 756 (5th Cir.1986).

The facts of this case are uncontested. Only one legal issue is raised. Several courts at the bankruptcy and district court level have addressed the legal issue presented here. The district court of Minnesota has recently analyzed the law, the cases, and the contracts. *Matter of Matthieson*, 63 B.R. 56 (D.Minn.1986). Finding that decision to be well-reasoned and persuasive, this court adopts the rationale applied in the Minnesota court's memorandum. Thus, this court concludes that the CCC obligation is a prepetition debt. The debt is subject to setoff under 11 U.S.C. § 553.

The contracts which give rise to the $18,141.41 deficiency were each executed prior to the filing of the petition in bankruptcy on March 12, 1985. Each contract provides:

> "This contract shall be effective when signed by the operator, each producer and an authorized representative of the CCC...."

Hence this is clearly a debt created prepetition and permits a setoff by CCC as a mutual debt pursuant to 11 U.S.C. § 553(a).

Accordingly, the orders denying the government's motion to lift stay are reversed. This case is remanded to the bankruptcy court with instructions to enter its order lifting the stay to permit the setoff requested by the United States of America.

---

4. The Fifth Circuit has recently addressed the issue in *United States v. Tafoya*, 803 F.2d 140

(5th Cir.1986).