**In re Charles J. and Patricia A. STIENES.**

**No. 02–13057/JHW.**

United States Bankruptcy Court, D. New Jersey.

July 31, 2002.

Ronald DeSimone, Esq., Mt. Laurel, NJ, for debtors.

Lawrence P. Blaskopf, Esq., Trial Attorney, Tax Division, Washington, D.C., for U.S. Department of Justice.

John R. Morton, Jr., Moorestown, NJ, for Ford Motor Credit Co.

## LETTER OPINION

JUDITH H. WIZMUR, Bankruptcy Judge.

Dear Counsel:

The debtors seek the release of their 2001 tax refund in the amount of $8,512.00 from the Internal Revenue Service ("IRS"), which is holding their refund as a setoff against other tax liabilities. The IRS cross-moves for relief from the automatic stay to exercise its setoff rights against the debtors' pre-petition tax liabilities.

The debtors filed a Chapter 13 petition on March 27, 2002. The IRS filed a secured proof of claim for unpaid income taxes for the years of 1995, 1996, and 1997, secured by all of the debtors' right, title and interest to property under 26 U.S.C. § 6321, based on a Notice of Federal Tax Lien filed on March 7, 2002, and by a right of set-off of the debtors' 2001 income tax refund. The IRS also filed an unsecured priority claim for estimated income tax liability for the year 2000. The IRS placed an "administrative freeze" on the debtors' 2001 tax refund of $8,512.00. According to

the debtors, the withholding of the refund by the IRS forced Mrs. Stienes to withdraw moneys from her 401(k) plan so that the debtors could keep up with their mortgage and trustee payments.

The IRS has an express statutory right of setoff under 26 U.S.C. § 6402(a),[1] which is preserved in the Bankruptcy Code under 11 U.S.C. § 553.[2] Section 553 does not create an independent right to setoff, "[r]ather, it recognizes and preserves setoff rights that exist under applicable non-bankruptcy law." *In re Hazelton*, 85 B.R. 400, 403 (Bankr. E.D.Mich.), *rev'd on other grounds*, 96 B.R. 111 (E.D.Mich.1988).

The requisite elements of a Section 553 setoff include that: (1) the creditor holds a claim against the debtor that arose before the commencement of the case; (2) the creditor owes a debt to the debtor that also arose before the commencement of the case; (3) the claim and debt are mutual, and (4) the claim and debt are each valid and enforceable. *See, e.g., In re Whitaker*, 173 B.R. 359 (Bankr.S.D.Ohio, 1994). The IRS has a claim against the debtor for unpaid taxes that arose before the commencement of the case. The 2001 refund to the debtors was payable to them as of December 31, 2001, prior to the debtors' bankruptcy filing. *See, e.g., In re Glenn*, 207 B.R. 418, 420 (E.D.Pa.1997). The claim and debt in this case are mutual, meaning that the debts are between the same parties, standing in the same capacities. *In re Blanton*, 105 B.R. 321, 334

(Bankr.E.D.Va.1989). There is no challenge to the validity and enforceability of either the claim or the debt. The § 553 setoff elements have been met.

The right to setoff is not absolute, but is limited by the provisions of the automatic stay under 11 U.S.C. § 362. *In re Patterson*, 967 F.2d 505, 509 (11th Cir. 1992). In order to exercise a valid right of setoff, a creditor must move for relief from the automatic stay under 11 U.S.C. § 362(d). *Id.* Where a valid right of setoff is established, the creditor's claim is secured to the extent of the amount subject to the setoff under 11 U.S.C. § 506(a), and the creditor is entitled to adequate protection in that amount. 11 U.S.C. § 362(d)(1).

The debtors propose to protect the IRS interest in the debtors' tax refund by paying the IRS claim through their Chapter 13 plan. Under 11 U.S.C. § 362(d)(1), relief from the stay may be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." Although the debtors are paying on their Chapter 13 plan, they propose to dissipate the tax refund by meeting ongoing mortgage and trustee obligations. The debtors are current with the payments, but the payments have not been made regularly. Since the March 2002 filing, one payment of $514 was received by the Chapter 13 trustee on May 7, 2002, while a second series of payments was received by the Chapter 13

---

**1.** 26 U.S.C. § 6402(a) provides:

In the case of any overpayments, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d) and (e), refund any balance to such person.

**2.** Section 553 provides that bankruptcy "does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case ... against a claim of such creditor against the debtor that arose before the commencement of the case." 11 U.S.C. § 553.

trustee in the amount of $2,056 on July 24, 2002. The burden of proof to show adequate protection falls on the debtor. 11 U.S.C. § 362(g)(2). Given the intended immediate dissipation of the funds by the debtors, I conclude that the debtors have failed to meet their burden. *Cf. United States v. Norton,* 717 F.2d 767, 770 (3d Cir.1983) (Adequate protection available to the IRS where the debtor's Chapter 13 plan has been confirmed and where the debtor's conscientiously conformed to the terms of the plan.)

In *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995), the Supreme Court, holding that a bank's temporary administrative hold on a debtor's bank account was not an exercise of setoff rights in violation of the automatic stay, highlighted that section 553(a) sets forth a general rule, with certain exceptions, that a creditor's pre-petition right to setoff is not affected by the Bankruptcy Code, and that section 542(b) of the Code, which requires turnover of property to the estate, specifically excepts property from turnover "to the extent that such debt may be offset under section 553 of this title against a claim against the debtor." 11 U.S.C. § 542(b).

▮▮▮ Notwithstanding the basic proposition articulated in *Strumpf* that a creditor's pre-petition setoff rights are generally not affected by the Bankruptcy Court, with limited exceptions, cases have continued to express the view that the application of setoff is permissive and can be modified through the exercise of the equitable powers of the court. *See, e.g., In re Lazar,* 219 B.R. 212, 213 (Bankr.N.D.Ohio 1998). "Setoff may be denied where the creditor acted inequitably; where the setoff would jeopardize the debtor's ability to reorganize; or in a liquidation context where the setoff would result in either a

preference or priority over other unsecured creditors." *In re Lykes Bros. S.S. Co.,* 217 B.R. 304, 313 (Bankr.M.D.Fla. 1997).

▮▮▮ Here, there is no equitable basis to warrant the denial or further delay of the setoff of the debtors' tax refund against the pre-petition debt due to the IRS. The IRS did not engage in any inequitable conduct. The administrative freeze on the refund was validated by the Supreme Court in *Strumpf, supra.* With regard to the impact on the debtors' ability to reorganize, there is no doubt that the availability of the tax refund would ease the burden on the debtors and would facilitate the payment of post-petition obligations, including payments to the Chapter 13 trustee. However, the debtors demonstrate in their schedules the feasibility of the plan, and show disposable income after fixed expenses to apply to the Chapter 13 plan. The debtors have now tapped their 401(k) plan to access funds to get them started with their plan. The claim of the IRS will be reduced by the amount of the setoff, thereby reducing the debtors' required monthly payments. There is no showing that the setoff will jeopardize the debtors' Chapter 13 reorganization.

For the reasons expressed, the debtors' motion for turnover of their 2001 tax refund is denied. The motion of the IRS for relief from the stay to effect a setoff of the refund against the debtors' pre-petition debt is granted. The IRS shall submit an order in conformance herewith.