**In re Adam CZYZK, Debtor.**

**No. 03–21034 (RTL).**

United States Bankruptcy Court, D. New Jersey.

Aug. 22, 2003.

Peter E. Zimnis, Esq., for Debtor.

David P. Skand, Esq., Dembo & Saldutti, for Wachovia Bank, N.A.

### *OPINION*

RAYMOND T. LYONS, Bankruptcy Judge.

Debtor moved to compel Wachovia Bank, N.A., ("Wachovia") to release $8,904.00 in funds it had frozen in debtor's business checking account, and for a declaratory judgment finding that Wachovia's actions were an impermissible set off in violation of the automatic stay. Wachovia objected on the grounds that its administrative freeze on debtor's account did not violate the stay, and cross moved for stay relief and set off of funds. Because an administrative freeze on an account is only a temporary refusal by the bank to pay its debt while it seeks stay relief, it is not a violation of the automatic stay. The bank

is entitled to a set off, but it is limited to the smallest amount of pre-petition funds that were in the account after the bankruptcy filing. Debtor's motion is denied as to the balance of prepetition funds in the account and granted as to the excess. Wachovia's cross-motion is granted reciprocally.

The court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984 referring all bankruptcy cases to the bankruptcy court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) concerning orders to turn over property of the estate and § 157(b)(2)(G) regarding motions to modify the automatic stay.

*Facts*

The debtor maintains a business checking account with Wachovia Bank ("Wachovia"). On November 14, 2000, the debtor borrowed $35,000 from Wachovia and gave the bank a promissory note granting it a security interest in all of his accounts with the bank as collateral for the loan. On December 1, 2001, the debtor gave the bank a second promissory note, renewing and modifying the note dated November 14, 2000, and increasing the amount to $50,000. This note also granted Wachovia a security interest in all of the debtor's accounts with the bank.

The debtor filed for chapter 13 protection on April 2, 2003. Wachovia was listed on his creditor matrix and the court served notice of the bankruptcy on it on April 5, 2003. As of the date of the filing, debtor owed Wachovia a total of $43,091.86 and had defaulted on the loan. At the close of business on April 4, 2003 (the day prior to the petition), his balance had been $8,904.00. At the close of business on April 5, 2003 (the petition date) his business checking account had a balance of $4,567.39.

After the filing, the debtor continued to use the account normally, causing the balance to fluctuate—the lowest post-petition balance was $964.00 on May 1, 2003. During the first week of June 2003, Wachovia placed an administrative hold on debtor's account. At that time, the account balance was approximately $14,000. Wachovia subsequently released all but $8,904.00 of the funds, which reflected the balance in the account on the day before the debtor filed for bankruptcy. The debtor filed a motion to compel release of the $8,904.00 and void the bank's "set off" as being in violation of the stay. Wachovia filed a cross motion for relief from the automatic stay and sought an order allowing a set off in the amount of $8,904.00.

*Discussion*

**I. The Administrative Freeze**

Filing a petition under title 11 automatically stays "any act to obtain possession of property of the estate ... or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Because a bank account is a promise to pay from the bank to the depositor, and does not consist of money belonging to the depositor and held by the bank, placing an administrative freeze on a debtor's demand account does not violate the stay. *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 19, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). In the instant case, all parties agree that Wachovia froze the debtor's account during the first week of June 2003. The debtor argues that the bank has actually set off the funds in the debtor's account and seeks to void the action. A set off occurs where a creditor takes three steps: (1) it decides to exercise the right of set off, (2) it takes some action to accomplish the set off, and (3) it makes a record that evidences that the right to set off has been exercised. *Id.* The facts here indicate only that Wachovia

froze the debtor's account, subsequently sought stay relief and petitioned the court for a set off. Thus, there is no evidence that the bank effectuated a set off on its own, and no need to void any of its actions or compel it to disgorge any funds.

## II. The Set–Off

The Bankruptcy Code does not disturb a creditor's right to set off if it arose under nonbankruptcy law prior to the filing of a petition. 11 U.S.C. § 553(a) (2000). In order to show that it is entitled to a set off, a creditor must establish that there is:

1) a debt owed by the creditor to the debtor which arose prior to the bankruptcy case;

2) a claim of the creditor against the debtor which arose prior to the bankruptcy case;

3) the debt and the claim are mutual obligations; and

4) applicable non-bankruptcy law permits a right to set off the debts.

*In re Whitaker*, 173 B.R. 359 (Bankr. S.D.Ohio 1994); *In re Steines*, 285 B.R. 360, 362 (Bankr.D.N.J.2002). Mutuality of obligations is determined by state law. *In re Wicks*, 176 B.R. 695 (Bankr.E.D.N.Y. 1995). In New Jersey, obligations are mutual where the debts involve the same parties standing in the same capacities. *In re Steines*, 285 B.R. at 362. New Jersey also recognizes that a bank has a common law right to set off. *All American Auto Salvage v. Camp's Auto Wreckers*, 146 N.J. 15, 679 A.2d 627, 631 (1996).

In this case, Wachovia owes a debt to the debtor by virtue of the debtor's business checking account, and Wachovia has a claim against debtor based on the $50,000 loan.[1] These obligations arose prior to the commencement of the bankruptcy proceeding. Mutuality of obligation was present because both parties had a valid right to make demands for repayment. Finally, Wachovia had a right to set off under New Jersey law. Therefore, Wachovia is entitled to a set off.

## III. The Amount of the Set off and the Bank's Cash Collateral

The final issue is the amount of the set off to which Wachovia is entitled. It is well settled that set off can only apply to funds deposited with a bank prior to the initiation of a bankruptcy proceeding. *In re Kleather*, 208 B.R. 406, 413 (Bankr. S.D.Ohio 1997). Any other funds in the account are postpetition deposits, which give rise to postpetition obligations between the bank and the debtors. Such funds are not subject to set off as they (1) do not fall within the plain language of Section 553 which limits set off to debts that arose prepetition, and (2) the debtor's prepetition obligation to the bank has been discharged, while the bank has a new obligation to the debtor for postpetition deposits. *Id.* at 413–14. Thus, Wachovia may only set off the balance in the debtor's account that existed at the time of the petition and still exists today.

To determine the amount covered by the still existing prepetition obligations, the court must look to the lowest postpetition balance because it "is the only prepetition obligation on the account that has not been replaced by postpetition obligations." *Id.* at 415. Here, that amount is $964.00, the balance in the account on May 1, 2003. Thereafter, the debtor deposited more money in his account bringing the balance up to $14,000.00. On June 3, 2003 the bank froze the account, then released all but $8,904.00, which equaled the balance

---

1. Wachovia, also, has a security interest in the deposit account, however, Wachovia's motion only seeks to exercise its right of set off not to foreclose its security interest.

on the day prior to the bankruptcy petition. The excess over $964.00 must be returned to the debtor.

Although the debtor's use of his account postpetition may have been the unauthorized use of Wachovia's cash collateral, the court will not impose any obligation on the debtor to return the funds or comply with any other equitable remedy at this time. Cash collateral "means ... deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a) (2000). A debtor-in-possession or trustee "may not use sell or lease cash collateral ... unless ... each entity that has an interest in such cash collateral consents; ... or the court, after notice and a hearing, authorizes such use, sale or lease." 11 U.S.C. § 363(c)(2) (2000).

Here, the debtor's business checking account was the bank's cash collateral, as both the debtor's estate and Wachovia had an interest in it. The debtor continued to use the account regularly, making both deposits and withdrawals, after the petition was filed, and he did so without either the consent of the bank or fist seeking a hearing before this court. The cash collateral provisions of the Code apply.

■ However, the bank was aware of the debtor's bankruptcy but took no action to protect its rights for two months. Other courts have held that where a bank allows a debtor to use cash collateral funds in his or her checking account postpetition, the bank loses its right to enforce section 363(c)(2). *In re Kleather*, 208 B.R. at 416. Moreover, Wachovia has not sought any remedy for the use of the cash collateral nor presented any evidence that it has been harmed by debtor's actions. Normally, the burden is on the complaining creditor to establish that it has been harmed by the debtor's use of its cash collateral. *See In re National Safe Northeast, Inc.,* 76

B.R. 896, 906 (Bankr.D.Conn.1987); *In re Kleather* 208 B.R. at 417. Absent any evidence to that effect, the debtor is not liable for violating section 362(c)(2). *In re National Safe Northeast, Inc.,* 76 B.R. at 906; *In re Kleather* 208 B.R. at 417. Under these facts, the equities weigh in favor of the debtor, and no remedy will be imposed on him for violating section 362(c)(2).

### Conclusion

Wachovia did not violate the automatic stay by placing an administrative hold on debtor's business account, because a bank account is a promise to pay from the bank to the depositor, not money belonging to the bankruptcy estate. Wachovia is entitled to a set off because the parties shared a prepetition obligation-Wachovia to pay out funds deposited in the account, the debtor to repay the $50,000 loan. The amount of set off is limited to $964.00, the lowest postpetition balance in the account. The excess funds shall be turned over to the debtor.