## CITIZENS BANK OF MARYLAND *v.* STRUMPF

No. 94–1340.   Argued October 3, 1995—Decided October 31, 1995

SCALIA, J., delivered the opinion for a unanimous Court.

*Irving E. Walker* argued the cause for petitioner. With him on the briefs were *James R. Eyler* and *Jefferson V. Wright.*

*Miguel A. Estrada* argued the cause for the United States as *amicus curiae* urging reversal. With him on the brief were *Solicitor General Days, Assistant Attorney General Argrett, Deputy Solicitor General Wallace, Kent L. Jones,* and *Gary D. Gray.*

*Roger Schlossberg* argued the cause for respondent. With him on the brief were *John R. Owen, Jr., Brian R. Seeber,* and *Gregory P. Johnson.**

JUSTICE SCALIA delivered the opinion of the Court.

We must decide whether the creditor of a debtor in bankruptcy may, in order to protect its setoff rights, temporarily withhold payment of a debt that it owes to the debtor in bankruptcy without violating the automatic stay imposed by 11 U. S. C. § 362(a).

## I

On January 25, 1991, when respondent filed for relief under Chapter 13 of the Bankruptcy Code, he had a checking account with petitioner, a bank conducting business in the State of Maryland. He also was in default on the remaining balance of a loan of $5,068.75 from the bank. Under 11 U. S. C. § 362(a), respondent's bankruptcy filing gave rise to an automatic stay of various types of activity by his creditors, including "the setoff of any debt owing to the debtor that arose before the commencement of the [bankruptcy case] against any claim against the debtor." § 362(a)(7).

On October 2, 1991, petitioner placed what it termed an "administrative hold" on so much of respondent's account as

---

*Briefs of *amici curiae* urging reversal were filed for BankAmerica Corp. by *Harold R. Lichterman* and *Michael J. Halloran;* and for the New York Clearing House Association et al. by *Bruce E. Clark, Norman R. Nelson, John J. Gill III, Michael F. Crotty, Leonard J. Rubin, John H. Culver III,* and *Charles P. Seibold.*

it claimed was subject to setoff—that is, the bank refused to pay withdrawals from the account that would reduce the balance below the sum that it claimed was due on respondent's loan. Five days later, petitioner filed in the Bankruptcy Court, under § 362(d), a "Motion for Relief from Automatic Stay and for Setoff." Respondent then filed a motion to hold petitioner in contempt, claiming that petitioner's administrative hold violated the automatic stay established by § 362(a).

The Bankruptcy Court ruled on respondent's contempt motion first. It concluded that petitioner's "administrative hold" constituted a "setoff" in violation of § 362(a)(7) and sanctioned petitioner. Several weeks later, the Bankruptcy Court granted petitioner's motion for relief from the stay and authorized petitioner to set off respondent's remaining checking account balance against the unpaid loan. By that time, however, respondent had reduced the checking account balance to zero, so there was nothing to set off.

The District Court reversed the judgment that petitioner had violated the automatic stay, concluding that the administrative hold was not a violation of § 362(a). The Court of Appeals reversed. "[A]n administrative hold," it said, "is tantamount to the exercise of a right of setoff and thus violates the automatic stay of § 362(a)(7)." 37 F. 3d 155, 158 (CA4 1994). We granted certiorari. 514 U. S. 1035 (1995).

## II

The right of setoff (also called "offset") allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding "the absurdity of making A pay B when B owes A." *Studley* v. *Boylston Nat. Bank*, 229 U. S. 523, 528 (1913). Although no federal right of setoff is created by the Bankruptcy Code, 11 U. S. C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy. Here it is undisputed that, prior to the bankruptcy filing, petitioner had the

right under Maryland law to set off the defaulted loan against the balance in the checking account. It is also undisputed that under §362(a) respondent's bankruptcy filing stayed any exercise of that right by petitioner. The principal question for decision is whether petitioner's refusal to pay its debt to respondent upon the latter's demand constituted an exercise of the setoff right and hence violated the stay.

In our view, petitioner's action was not a setoff within the meaning of §362(a)(7). Petitioner refused to pay its debt, not permanently and absolutely, but only while it sought relief under §362(d) from the automatic stay. Whether that temporary refusal was otherwise wrongful is a separate matter—we do not consider, for example, respondent's contention that the portion of the account subjected to the "administrative hold" exceeded the amount properly subject to setoff. All that concerns us here is whether the refusal *was a setoff.* We think it was not, because—as evidenced by petitioner's "Motion for Relief from Automatic Stay and for Setoff"—petitioner did not purport permanently to reduce respondent's account balance by the amount of the defaulted loan. A requirement of such an intent is implicit in the rule followed by a majority of jurisdictions addressing the question, that a setoff has not occurred until three steps have been taken: (i) a decision to effectuate a setoff, (ii) some action accomplishing the setoff, and (iii) a recording of the setoff. See, *e. g., Baker* v. *National City Bank of Cleveland,* 511 F. 2d 1016, 1018 (CA6 1975) (Ohio law); *Normand Josef Enterprises, Inc.* v. *Connecticut Nat. Bank,* 230 Conn. 486, 504–505, 646 A. 2d 1289, 1299 (1994). But even if state law were different, the question whether a setoff *under §362(a)(7)* has occurred is a matter of federal law, and other provisions of the Bankruptcy Code would lead us to embrace the same requirement of an intent permanently to settle accounts.

Section 542(b) of the Code, which concerns turnover of property to the estate, requires a bankrupt's debtors to "pay" to the trustee (or on his order) any "debt that is property of the estate and that is matured, payable on demand, or payable on order . . . *except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.*" 11 U. S. C. § 542(b) (emphasis added). Section 553(a), in turn, sets forth a general rule, with certain exceptions, that any right of setoff that a creditor possessed prior to the debtor's filing for bankruptcy is not affected by the Bankruptcy Code. It would be an odd construction of § 362(a)(7) that required a creditor with a right of setoff to do immediately that which § 542(b) specifically excuses it from doing as a general matter: pay a claim to which a defense of setoff applies.

Nor is our assessment of these provisions changed by the fact that § 553(a), in generally providing that nothing in the Bankruptcy Code affects creditors' prebankruptcy setoff rights, qualifies this rule with the phrase "[e]xcept as otherwise provided in this section and in sections 362 and 363." This undoubtedly refers to § 362(a)(7), but we think it is most naturally read as merely recognizing that provision's restriction upon *when* an *actual setoff* may be effected—which is to say, not during the automatic stay. When this perfectly reasonable reading is available, it would be foolish to take the § 553(a) "except" clause as indicating that § 362(a)(7) requires immediate payment of a debt subject to setoff. That would render § 553(a)'s general rule that the Bankruptcy Code does not affect the right of setoff meaningless, for by forcing the creditor to pay *its* debt immediately, it would divest the creditor of the very thing that supports the right of setoff. Furthermore, it would, as we have stated, eviscerate § 542(b)'s exception to the duty to pay debts. It is an elementary rule of construction that "the act cannot be held to destroy itself." *Texas & Pacific R. Co.* v. *Abilene Cotton Oil Co.,* 204 U. S. 426, 446 (1907).

Finally, we are unpersuaded by respondent's additional contentions that the administrative hold violated §§ 362(a)(3) and 362(a)(6). Under these sections, a bankruptcy filing automatically stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," 11 U. S. C. § 362(a)(3), and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title," § 362(a)(6). Respondent's reliance on these provisions rests on the false premise that petitioner's administrative hold took something from respondent, or exercised dominion over property that belonged to respondent. That view of things might be arguable if a bank account consisted of money belonging to the depositor and held by the bank. In fact, however, it consists of nothing more or less than a promise to pay, from the bank to the depositor, see *Bank of Marin* v. *England,* 385 U. S. 99, 101 (1966); *Keller* v. *Frederickstown Sav. Institution,* 193 Md. 292, 296, 66 A. 2d 924, 925 (1949); and petitioner's temporary refusal to pay was neither a taking of possession of respondent's property nor an exercising of control over it, but merely a refusal to perform its promise. In any event, we will not give § 362(a)(3) or § 362(a)(6) an interpretation that would proscribe what § 542(b)'s "except[ion]" and § 553(a)'s general rule were plainly intended to permit: the temporary refusal of a creditor to pay a debt that is subject to setoff against a debt owed by the bankrupt.*

The judgment of the Court of Appeals for the Fourth Circuit is reversed.

*It is so ordered.*

---

*We decline to address respondent's contention, not raised below, that the confirmation of his Chapter 13 Plan under 11 U. S. C. § 1327 precluded petitioner's exercise of its setoff right. See *Granfinanciera, S. A.* v. *Nordberg,* 492 U. S. 33, 39 (1989).