78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
BELOIT CORPORATION, Plaintiff-Appellant,
v.
C3 DATATEC, INC., Defendant-Appellee.
 No. 95-3309.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 22, 1996.
Decided March 1, 1996.
 
 Before CUMMINGS, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 Order
 
 1
 Only one issue remains of this commercial litigation under the diversity jurisdiction, which was tried by a magistrate judge with the parties' consent. 28 U.S.C. § 636(c). It is whether Beloit Corporation preserved for decision its contention that it need not pay C3 Datatec, Inc., the sum of $54,900 to which C3 is entitled for work on a project the parties call the Champion contract. The Champion contract contains a setoff clause allowing Beloit to deduct any amount C3 owes it "by reason of any counterclaim arising out of this or any other transaction". Beloit advanced C3 $53,300 against work the parties call the Dryer School contract. Later Beloit cancelled the project, as it was entitled to do under a clause allowing termination for the buyer's convenience. The termination clause says that, if Beloit exercises this right, C3 "shall be paid a reasonable termination charge consisting of only actual direct costs resulting from the work already performed."
 
 
 2
 Beloit believes that C3 did not perform a lick of work on the Dryer School project and therefore must return the advance, an outcome the setoff accomplished. C3 believes that the reference to language limiting the "termination charge" to "costs resulting from the work already performed" does not apply to advances. As C3 sees things, it is entitled to keep the entire advance whether or not it set to work on the Dryer School project. It offers other reasons in support of this position, but the magistrate judge did not address any of them. Instead he held that the entire subject is not a part of this litigation. After resolving the parties' disputes about the Champion contract, the judge stated: "Beloit has made no counterclaim for set off and therefore ... the issue of set off is not before the court." The judgment directs Beloit to pay C3 the full sum the judge found due on the Champion contract. If the statute of limitations has not expired, Beloit could commence a separate action seeking return of the advance on the Dryer School contract. (Any counterclaim would be permissive rather than compulsory because the two contracts do not represent the same transaction or occurrence.) Beloit prefers the speed and security of setoff, however, and filed this appeal.
 
 
 3
 The magistrate judge's explanation is misleading. A setoff is not something the court orders in response to a counterclaim; it is a self-help remedy. A setoff is something you do, and not something you ask a judge to compel someone else to do. See generally Citizens Bank of Maryland v. Strumpf, 116 S.Ct. 286 (1995). Litigants therefore need not file counterclaims seeking setoff. Still, even in a system of notice pleading a party must take some step to make setoff an issue. Beloit is entitled to keep the money only if C3 indeed owes it a corresponding debt, and the claim that there is such a debt can be (and was) contested. A denial of liability because of setoff is in this sense like a claim of payment: the party resisting the demand in litigation says that the judge should withhold relief, because the debt has already been satisfied. Usually payment occurs by check or cash, but payment may occur by cancellation of offsetting accounts.
 
 
 4
 Under Fed.R.Civ.P. 8(c), payment is an affirmative defense that must be specifically pleaded. The rule applies equally to "any other matter constituting an avoidance or affirmative defense." If setoff can be distinguished from payment, it remains an "other matter constituting an avoidance". Beloit therefore had to alert C3 to its position. See Hassan v. U.S. Postal Service, 842 F.2d 260 (11th Cir.1988), and Chicago Great Western Ry. v. Peeler, 140 F.2d 865 (8th Cir.1944), both of which hold that setoff is an affirmative defense that must be pleaded under Rule 8(c). It is therefore not enough to say, as Beloit does on appeal, that the possibility of asserting setoff is implied by a general denial of liability under the contract.
 
 
 5
 Beloit argues that Carroll v. Acme-Cleveland Corp., 955 F.2d 1107 (7th Cir.1992), supports its position, but Carroll offers more support to C3 than to Beloit. Purchasers of stock agreed to pay in three installments. They withheld the third installment, arguing that the seller's nondisclosure of some corporate liability relieved them of the necessity to pay the full price. In response to the seller's demand for full payment, the buyers pleaded only a general denial of liability on the contract. They did not plead that the seller violated its warranty of full disclosure. We held that this was insufficient to present for decision the claim that principles of indemnity or setoff allowed the buyers to reduce their payments by the unrevealed liability. Nothing in Carroll suggests disagreement with Hassan or Peeler.
 
 
 6
 An omission from the answer under Rule 8(c) is not necessarily fatal. Beloit could have asked for leave to amend its answer to add this theory of avoidance. Or it could have raised the question at the pretrial conference and asked the judge to include the subject in the pretrial order, a document that supersedes the pleadings. See Gorlikowski v. Tolbert, 52 F.3d 1439, 1443-44 (7th Cir.1995). But there was no pretrial order in this case. At oral argument, counsel for Beloit asserted that one was unnecessary because "everyone knew" what issues would be tried. Of course, what Beloit's lawyer "knew" would be tried turned out to be very different from what C3's lawyer, or for that matter the judge, thought was at issue. The fallibility of human recollection is one of the principal reasons Fed.R.Civ.P. 16(e) provides for a written pretrial order. Beloit, as the party asserting a "matter constituting an avoidance", bears the onus on this question. Having omitted setoff from its answer, and having disdained the method prescribed by Rule 16(e), Beloit suffers the consequences.
 
 
 7
 AFFIRMED.