IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10879

Summary Calendar
_____

MICHAEL A. PACIELLA,

Plaintiff-Appellee,

versus

GARY MAYES Et. al.,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
(3:95-CV-630-H)
_____

April 19, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO GARZA, Circuit Judges.
PER CURIAM:[*]

This case is an appeal from a district court's affirmance of decree issued by a bankruptcy court.  We affirm.

I

We rely on the statement of the facts of the district court's opinion below.  We add only that Paciella's contract was with McAdams as an independent entity.  Nothing in this contract, or in the oral testimony in the record, supports the supposition that

_____

[*]Local rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Mass Mutual owed commissions to Paciella directly. To the contrary, the contract expressly provided that Mass Mutual will be liable to pay commissions and other outstanding amounts directly to Paciella only in the event that it terminated its relationship with McAdams.

II

The district court rejected Paciella's appeal on estoppel grounds, relying primarily on Kaiser v. Standard Oil Co., 89 F.2d 58 (5th Cir. 1937). We are uncertain that this case remains good law after United States v. Hougham, 364 U.S. 310 (1960), especially where, as here, the party accepting the benefit of the judgment never manifested its intent to make such acceptance a final settlement of all claims. We express no view on this question because we affirm the bankruptcy judge's equitable decree on the merits.

Paciella's first contention is that McAdams' refusal to disburse funds in late November constituted a violation of the bankruptcy court's automatic stay. Citizens Bank of Maryland v. Strumpf, 116 S. Ct. 286 (1995), forecloses this argument. Paciella provides us with no reason to distinguish Strumpf.

Paciella's second argument is that lack of mutuality prevented operation of the doctrines of recoupment and set-off. He contends that McAdams is merely a disbursing agent for Mass Mutual, and therefore that Mass Mutual owes him his commissions directly. The earlier $4500 transactions, which were designated "commission

2

advances" in the receipts Paciella signed, were in fact personal loans from McAdams to Paciella.

The contract between Paciella and McAdams stated otherwise. Under this contract, Mass Mutual became responsible to pay Paciella only in the event that it terminated its relationship with McAdams, an event that never occurred.

Regarding the appellees' motion for sanctions, we hold that Strumpf foreclosed only one of Paciella's arguments on this appeal, and therefore that Paciella did not act in bad faith.

The district court's decision is AFFIRMED. The appellees' motion for sanctions is DENIED.