**In re Ricco WILLIAMS, Debtor.**

No. 00–00930.

United States Bankruptcy Court,
District of Columbia.

June 6, 2000.

Laura J. Margulies, Rockville, MD, for Debtor.

*ORDER DENYING EMERGENCY MOTION WITHOUT PREJUDICE*

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The debtor has filed an Emergency Motion For Release Of Funds And For Violation Of 11 U.S.C. § 362 (DE No. 7, filed May 23, 2000). The court will deny the motion for the following reasons.

The debtor alleges that Citibank served a notice of garnishment on Crestar Bank with respect to a bank account of the debtor at Crestar. Citibank's attorney notified Crestar to release the garnishment, but Crestar has failed to turn over the account to the debtor. The debtor now seeks to hold Crestar in contempt and to force Crestar to turn over the bank account.

Why Crestar has refused to turn over the amount owed the debtor as a depositor is unknown. But the debtor has not alleged sufficient facts to show that Crestar has violated the automatic stay by failing to pay the account to the debtor.

For one thing, this is a chapter 7 case and any turnover would be sent to the trustee, not to the debtor. The debtor exempted the account, but that exemption has not become final because the time for objections has not expired.

For another, failure to make turnover under 11 U.S.C. § 542(b) is not a violation of the automatic stay of 11 U.S.C. § 362(a). A bank's "refusal to pay [is] neither a taking of possession of respondent's [debtor's] property nor an exercising of control over it, but merely a refusal to perform its promise." *Citizens Bank of Md. v. Strumpf,* 516 U.S. 16, 21, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). Crestar is simply failing to perform its obligation under its contract with the debtor, but that is not an exercise of control over the debtor's rights under the contract: those rights remain intact.

Section 542(b) simply makes clear that Crestar is obligated to render performance to the trustee; § 542(b) does not suddenly transform the rights of performance on a contract into a right to hold the non-performing non-debtor in contempt simply by reason of the intervention of bankruptcy. In other words, § 542(b) is not self-executing. *Cf. In re Young,* 193 B.R. 620, 625–28 (Bankr.D.D.C.1996); *In re Barringer,* 244 B.R. 402, 408–10 (Bankr. E.D.Mich.1999).

Once the debtor's bank account rights have become exempt property, the debtor can pursue enforcement of Crestar's contractual obligation (instead of pursuing contempt). This court would likely lack subject matter jurisdiction over such a proceeding under 28 U.S.C. § 1334(b) because the dispute would not have any apparent impact on the administration of the estate. *In re Turner,* 724 F.2d 338, 341 (2d Cir.1983). Even if subject matter jurisdiction existed, the debtor can pursue such a proceeding against Crestar in this court only via an adversary proceeding. Fed.R.Bankr.P. 7001. It is thus

ORDERED that the Emergency Motion For Release Of Funds And For Violation Of 11 U.S.C. § 362 (DE No. 7) is DENIED without prejudice.