# United States Court of Appeals for the Federal Circuit

2005-5065

J.G.B. ENTERPRISES, INC.,

Plaintiff-Appellee,

v.

UNITED STATES,

Defendant-Appellant.

Joseph A. Camardo, Jr., Law Firm of Joseph A. Camardo, Jr., of Auburn, New York, for plaintiff-appellee. Of counsel was Kevin M. Cox.

Meredyth D. Cohen, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellant. On the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, Franklin E. White, Jr., Assistant Director, and Nancy M. Kim, Trial Attorney.

Appealed from: United States Court of Federal Claims

Judge George W. Miller

# United States Court of Appeals for the Federal Circuit

2005-5065

J.G.B. ENTERPRISES, INC.,

Plaintiff-Appellee,

v.

UNITED STATES,

Defendant-Appellant.

_____

DECIDED:  August 2, 2007

_____

Before MICHEL, <u>Chief Judge</u>, BRYSON and DYK, <u>Circuit Judges</u>.

MICHEL, <u>Chief Judge</u>.

The United States appeals a final judgment of the United States Court of Federal Claims in an action filed by plaintiff J.G.B. Enterprises, Inc. ("JGB") relating to a contract between the United States and Capital City Pipes ("CCP").  The Court of Federal Claims held that the government cannot setoff payments owed to JGB, a subcontractor and third party beneficiary, with debts owed by prime contractor CCP on other, unrelated contracts that do not involve JGB.  <u>See</u> <u>J.G.B. Enters., Inc. v. United States</u>, No. 01-680C (Fed. Cl. Dec. 22, 2004).  For the reasons set forth in this opinion, we affirm.

## I.    BACKGROUND

The United States, specifically the Defense Supply Center Columbus ("DSCC") of the Department of Defense, awarded a number of contracts to CCP for various

supplies for the U.S. military. CCP was the beneficiary of initiatives aimed at facilitating the involvement of small businesses in government contracting, in this case DSCC's Office of Small and Disadvantaged Business Utilization ("OSDBU"). Among the contracts awarded to CCP were contracts for hose assemblies, including Contract No. SP0750-99-C-2508 ("2508 contract") which is the subject of this appeal. For these hose assembly contracts, CCP engaged JGB as its subcontractor. The government understood that JGB, not CCP, would be manufacturing the hose assemblies and shipping them directly to the government.

On October 27, 1999, JGB informed the government contracting officer ("CO"), Carolyn Mathews, that it had not received payment from CCP on several contracts, including the 2508 contract and therefore would halt all future shipments on CCP contracts until the payment problems could be resolved. On November 2, 1999, Mathews wrote a letter to CCP advising them that she was aware of the payment problems and that CCP would be debarred from contracting with the government if the problems were not resolved. As a result, CCP and JGB held negotiations and ultimately agreed on a suggestion by OSDBU Small Business Specialist Michael Taylor whereby an escrow agent would receive the government's payments and disburse them directly to JGB as appropriate. On November 10, 1999, CCP petitioned to have the remittance address on the 2508 contract changed to that of Michael Kawa, the escrow agent selected by JGB.

DSCC initially balked at the new payment proposal, and several months of discussions ensued. During this time, Mathews was reassigned, and Phyllis Moore became the new CO in charge of the contracts with CCP. Moore made clear in the

discussions that the government's priority was ensuring that the hose assemblies would be shipped as soon as possible.  She eventually accepted a modified proposal in which the remittance information on the 2508 contract would be changed such that payment would be sent via electronic funds transfer to an escrow bank account designated by CCP.  Moore signed off on CCP's petition to that effect on April 13, 2000.  CCP chose JGB's bank account to receive the payments.  As soon as the change in payment arrangements was made, JGB shipped the hose assemblies.

When the government ultimately paid on the 2508 contract, the payment was less than what JGB had expected.  The government explained that the payment had been reduced to recoup a debt owed to the government by CCP on other, unrelated contracts.  JGB was not involved on these other contracts.  JGB filed suit in the Court of Federal Claims to recover these withheld funds.  At trial, the government argued that its "setoff rights" allowed it to offset its payment to CCP/JGB on the 2508 contract with the amounts owed it by CCP on other contracts since CCP was the prime contractor on all of them.  The Court of Federal Claims disagreed and found in favor of JGB.  The government then timely filed this appeal.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II.    DISCUSSION

It is undisputed that the government has the right to offset debts owed to its contractor with a debt owed to it by the same contractor absent explicit contractual, statutory, or regulatory language stating otherwise.  United States v. Munsey Trust Co., 332 U.S. 234, 239 (1947); Applied Cos. v. United States, 144 F.3d 1470, 1476 (Fed. Cir. 1998).  This right extends not only to debts on that contract but to any other contract

between the government and the same contractor. Cecile Indus., Inc. v. Cheney, 995 F.2d 1052, 1054 (Fed. Cir. 1993). However, this case presents a different issue because the government seeks to offset a payment owed to JGB, the sole subcontractor, with a debt owed by a different entity, CCP.

A subcontractor typically is unable to seek relief against the United States on a dispute over the contract since it is not a party to the contract and thus lacks privity with the United States. United States v. Johnson Controls, Inc., 713 F.2d 1541, 1550-51 (Fed. Cir. 1983). But JGB is not a typical subcontractor under the 2508 contract because, as the United States concedes, JGB is a third party beneficiary to the contract.[1] As such, JGB's claims are not derivative of CCP's rights under the contract; rather JGB is suing to enforce its own rights under the contract. Restatement (Second) of Contracts § 309(3) cmt. c ("But the beneficiary's right is direct, not merely derivative . . . ."). The government argues that this distinction is immaterial in the setoff context. We do not agree.

The Supreme Court held in Schneider Moving & Storage Co. v. Prosser's Moving & Storage Co., 466 U.S. 364, 370 (1984), that a third party beneficiary to a contract, when as here suing to enforce that contract against a promisor, is then subject to all of the defenses the promisor would have against the original promisee. See also Restatement (Second) of Contracts § 309 cmt. b. However, the right of setoff is not a contract defense. See Lewis v. Benedict Coal Corp., 361 U.S. 459, 467 (1960) ("[T]he

---

[1] A subcontractor is a third party beneficiary to the government contract when the CO knew or should have known that the government's payment on the contract was intended to directly benefit the subcontractor. D&H Distrib. Co. v. United States, 102 F.3d 542, 546-47 (Fed. Cir. 1996). The government here concedes that both COs, Mathews and Moore, were aware that the change in payment arrangements on the 2508 contract were intended to ensure payment to JGB.

promisee's breaches will not excuse performance [by the promisor]; the promisor has an independent claim against the promisee in damages."). Rather, setoff is a device that facilitates the efficient reconciliation of competing <u>claims</u> between the same parties. <u>See</u> <u>Citizen Bank of Md. v. Strumpf</u>, 516 U.S. 16, 18 (1995) ("The right of setoff . . . allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." (internal quotation omitted)).

Therefore, in order to rightfully claim a setoff here since the claim against the government is not a derivative claim, the government must itself have a valid <u>claim</u> against the party subject to the setoff, JGB. In other words, the government here must have a claim against JGB, not CCP, in order to setoff its payment due JGB because JGB's claim is a claim for the benefits due it directly and <u>not</u> a derivative claim for money owed to CCP. <u>See</u> Restatement (Second) of Contracts § 309 cmt. c ("[C]laims and defenses of the promisor against the promisee arising out of separate transactions do not affect the right of the beneficiary except in accordance with the terms of the contract."). It is undisputed that the government has no claim against JGB and that it is CCP that owes the government. The government thus must pay JGB the benefits due to JGB as a third party beneficiary, and it may separately pursue a claim against CCP for the monies owed by CCP. <u>See</u> <u>Lewis</u>, 361 U.S. at 467.

## CONCLUSION

For the foregoing reasons, the judgment of the Court of Federal Claims is

<u>AFFIRMED</u>.