**In re John Allen MOORE and Melissa Jane Moore, Debtors.**

No. 2:07–bk–70963.

United States Bankruptcy Court, W.D. Arkansas, Ft. Smith Division.

Oct. 5, 2007.

Fed. R. Bankr.P. 1007(b)(4) (Interim).

Darrell W. Johnson, Attorney at Law, Fort Smith, AR, for Debtors.

Wade Hodge, Little Rock, AR, for Creditor.

## ORDER

BEN T. BARRY, Bankruptcy Judge.

Before the Court is a Motion for Relief From Stay, or in the Alternative, Motion to Dismiss filed by Arkansas Best Federal Credit Union [Arkansas Best] on June 19, 2007, in the above case. Arkansas Best requests relief from the automatic stay to exercise an alleged right of setoff regarding two accounts the debtors have with Arkansas Best. The Court held a hearing on August 2, 2007. At the conclusion of the testimony, the Court took the matter under advisement. For the reasons stated below, the Court denies Arkansas Best's motion.

This Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding under Federal Rule of Bankruptcy Procedure 9014.

This case involves two accounts the debtors have with Arkansas Best. The first one is the debtors' joint checking account that was opened in 2002 and, according to testimony, closed pre-petition. The second one is a savings account that was opened pre-petition by Ms. Moore. The issue before the Court is whether Arkansas Best is entitled to relief from the automatic stay so that it may setoff funds deposited post-petition in Ms. Moore's savings account against the negative balance in the debtors' joint checking account.

On April 2, 2007, the debtors filed a filed a joint, voluntary chapter 13 petition. On June 19, 2007, Arkansas Best filed a motion seeking relief from the automatic stay to setoff the balance in Ms. Moore's savings account against the negative balance in the debtors' checking account.[1] The debtors did not file a responsive pleading, but appeared at the hearing on August 2, 2007, and objected to the motion.

At the hearing, the debtors and Arkansas Best stipulated to the following facts, in pertinent part:

1. The debtors opened an account with Arkansas Best in 2002 and signed a disclosure statement at that time.

2. The disclosure statement stated that Arkansas Best can transfer funds from one account to another to pay obligations, including insufficient checks.

3. The debtors subsequently wrote insufficient checks in the amount of $2804.98, and Arkansas Best assessed fees in the amount of $2435.00, totaling $5239.98.[2]

4. In June 2007 [post-petition], the debtors deposited two checks, in the amounts of $286.29 and $1917.17, respectively, totaling $2203.46.[3]

5. Arkansas Best placed an immediate administrative freeze on those funds and filed the motion for relief from stay.[4]

The disclosure statement, signed by both debtors on August 14, 2002, was admitted into evidence and states, in pertinent part:

I(We) hereby authorize the Arkansas Best Federal Credit Union ... to establish this Checking Account for me (us). The Credit Union is authorized to pay checks signed by me (or by any of us) and to charge all such payments against the shares in this account. It is further agreed that:

. . .

(b) The Credit Union is under no obligation to pay a check that exceeds the fully paid and collected share balance on the Account OR the Credit Union may, however, pay such check and transfer shares to this account in the amount of the resulting over-draft, plus a service charge, from any other regular share account from which any of the signed is then eligible to withdraw shares.

. . . .

---

1. Although Arkansas Best requested in the alternative that the debtors' case be dismissed, no evidence or argument was presented on this issue at the hearing.

2. According to the debtors' member statement that was admitted into evidence, the insufficient checks and assessed fees were deducted from the debtors' account pre-petition.

3. It is unclear from the stipulations into what account these checks were deposited. However, based on Ms. Moore's testimony at trial, discussed below, the Court presumes these two checks were the paychecks deposited into the savings account Ms. Moore subsequently opened with Arkansas Best.

4. There was some testimony that Arkansas Best may have setoff the funds in the savings account and turned the remainder of the debt owed over to a collection agency, but then returned the funds to the savings account upon notice that the debtors had filed bankruptcy.

According to Ms. Moore's testimony, after the insufficient checks were written and fees were assessed, approximately a year prior to the August 2 hearing, the account was closed. Ms. Moore testified that before closing that account, she opened a savings account in her name that "never had anything in it." Ms. Moore also testified that she began working in June after filing bankruptcy and had her paychecks from that job directly deposited into her account. According to Ms. Moore, the paychecks deposited post-petition were the only deposits ever made into the savings account. Ms. Moore's testimony was undisputed.

 The filing of a bankruptcy petition stays "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. § 362(a)(7). While the right to setoff under non-bankruptcy law is preserved in bankruptcy, *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995), to exercise the right of setoff, the creditor must first receive relief from the automatic stay. *B.F. Goodrich Employees Fed. Credit Union v. Patterson (In re Patterson)*, 967 F.2d 505, 509 (11th Cir.1992). The bankruptcy court has discretion in deciding whether to lift the automatic stay. *Small Bus. Admin. v. Rinehart*, 887 F.2d 165, 169 (8th Cir.1989). However, even if the creditor seeks relief from the stay, § 553(a) provides additional requirements that must be met for a creditor to exercise otherwise valid setoff rights in the bankruptcy context. 11 U.S.C. § 553(a). Section 553(a) states in pertinent part:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

11 U.S.C. § 553(a). Therefore, Arkansas Best has the burden of proving four requirements to show entitlement to setoff: (1) the debtor must owe a debt to the creditor that arose pre-petition; (2) the debtor must have a claim against the creditor that arose pre-petition; (3) the debt and claim must be mutual; and (4) that the creditor would have the right to setoff the debt under non-bankruptcy law. *United States v. Krause (In re Krause)*, 261 B.R. 218, 222 (8th Cir. BAP 2001).

In this case, the first requirement is met because it is undisputed that the debt owed to Arkansas Best, the negative balance of $5239.98 in the checking account, was incurred pre-petition. The second requirement is problematic. The claim against Arkansas Best results from two paychecks directly deposited into Ms. Moore's savings account. It is undisputed that these checks were deposited after the debtors filed bankruptcy. However, Arkansas Best argues that by signing the disclosure statement pre-petition, the two paychecks were pledged, in effect, pre-petition. Arkansas Best concludes that because it is the time the funds were pledged, not actually deposited, that determines when the claim against Arkansas Best arose, the second requirement of § 553(a) is met.

 This Court disagrees with Arkansas Best's reasoning as it applies to this case. By requiring that mutual debts arise "before the commencement of the case," § 553 precludes the setoff of post-petition claims against pre-petition debts. *In re Davicter Enter., Inc.*, 248 B.R. 794, 796 (Bankr.S.D.Ill.2000). Under the bankruptcy code, "claim" is defined as a "right

to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Although there is law stating that setoff may be asserted "even though one of the debts involved is absolutely owing but not presently due when petition is filed," *Matter of Nickerson & Nickerson*, 62 B.R. 83, 85 (Bankr.D.Neb.1986), the debtors had no right to payment from Arkansas Best until funds were deposited.

Further, the disclosure statement did not somehow transform the post-petition deposits into a pre-petition claim against Arkansas Best. The language in the disclosure statement states that Arkansas Best may pay insufficient checks and then reimburse itself "from any other regular share account from which any of the signed is then eligible to withdraw shares." At the time the debtors filed their bankruptcy petition, the savings account was not "any other regular share account from which any of the [debtors were] then eligible to withdraw shares," because there were simply no funds on deposit in the savings account. By the terms of Arkansas Best's disclosure statement, because the debtors could not have withdrawn any funds from Ms. Moore's savings account pre-petition, neither could Arkansas Best. Therefore, the debtors did not have a claim against Arkansas Best that arose pre-petition, and the second element of § 553(a) has not been satisfied.

Because the second requirement of § 553(a) cannot be met, Arkansas Best may not use setoff to reach the funds in the savings account,[5] and it is unnecessary to discuss the remaining requirements.

---

5. Although Arkansas Best cited to cases in its pleadings where setoff and recoupment were argued as theories of recovery, Arkansas Best did not assert recoupment as an equitable basis for recovery in its pleadings, nor did it argue or present evidence at hearing that recoupment is viable in this instance.

Accordingly, Arkansas Best's motion for relief from stay is denied. Because Arkansas Best did not introduce any evidence to support its alternative argument, the motion to dismiss is likewise denied. The Court's Order of August 6, 2007, requiring the administrative freeze on the funds to remain in place, is hereby lifted upon entry of this order.

IT IS SO ORDERED.