**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-1261

———————

IN RE:  GARDEN RIDGE CORPORATION, et al.,

Debtor,

DANIEL FERGUSON,

Appellant.

———————

On Appeal from the United States District Court
for the District of Delaware
(D. C. No. 1-06-cv-00213)
District Judge:  Honorable Gregory M. Sleet

———————

Argued on November 9, 2009

Before:  AMBRO, GARTH and ROTH, <u>Circuit Judges</u>

(Opinion filed: July 9, 2010)

William D. Sullivan, Esquire  **(Argued)**
Sullivan, Hazeltine, Allinson, LLC
4 East 8ᵗʰ Street, Suite 400
Wilmington, DE   19801

Counsel for Appellant Daniel Ferguson

Pauline K. Morgan, Esquire
Joseph M. Barry, Esquire  **(Argued)**
Sean T. Greecher, Esquire
The Brandywine Building
1000 West Street, 17ᵗʰ Floor
Wilmington, DE   19801

Ian S. Fredericks, Esquire
Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
P. O. Box 636
Wilmington, DE   19899

David B. Stratton, Esquire
Pepper Hamilton
1313 Market Street, Suite 5100
P. O. Box 1709
Wilmington, DE   19899-1709

Counsel for Appellee Garden Ridge Corporation

Christian M. Thompson, Esquire
Connolly, Bove, Lodge & Hutz
1007 North Orange Street
P. O. Box 2207
Wilmington, DE   19899

Counsel for Appellee Concord Mall, LTD Partnership

James C. Carignan, Esquire
David M. Fournier, Esquire
Pepper Hamilton
1313 Market Street, Suite 5100
P. O. Box 1709
Wilmington, DE   19899-1709

Counsel for Appellee Official Committee of Unsecured Creditors

David M. Klauder, Esquire
United States Department of Justice
Office of the Trustee
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE   19801

Counsel for Appellee United States Trustee

---

OPINION

---

**ROTH**, Circuit Judge:

Daniel Ferguson, a creditor of the Garden Ridge debtors, appeals the District Court's denial of his setoff claim under sections 362(d) and 553(a) of the United States Bankruptcy Code. We will affirm.

## I. Background

Because we write primarily for the parties, we only briefly recite the facts. In 2001, Garden Ridge Management, Inc., hired Ferguson as an executive employee. Ferguson's employment contract included severance pay of $250,000 and reimbursement of $60,000 in relocation expenses. Upon commencing employment, Ferguson borrowed $250,000 from Garden Ridge, L.P., under the terms of a written promissory note. In 2003, Garden Ridge Management, Inc., terminated Ferguson's employment. Ferguson filed a state law contract claim for damages of $310,000 (severance pay of $250,000 and relocation expenses of $60,000). Garden Ridge, L.P., later filed an action against Ferguson in federal court for collection on the $250,000 promissory note.

In 2004, Garden Ridge Management, Inc., and six related corporate entities filed for bankruptcy protection under Chapter 11. On March 29, 2005, the debtors filed a proposed reorganization plan including a request for substantive consolidation. Substantive consolidation "treats separate legal entities as if they were merged into a

3

single survivor left with all the cumulative assets and liabilities." *In re Owens Corning*, 419 F.3d 195, 205 (3d Cir. 2005). The proposed plan allowed the debtors to reserve all legal and equitable defenses, but deemed the assets and liabilities of all Garden Ridge debtors merged with the assets and liabilities of Garden Ridge, L.P. (A-473.) On April 28, 2005, the Bankruptcy Court confirmed the proposed substantive consolidation in the plan because the debtors, in effect, functioned as a single entity.[1] (A-591 to -592.)

Ferguson, whose state law action was automatically stayed by the bankruptcy filing under 11 U.S.C. § 362, asserted a claim against the bankruptcy estate for $310,000. Claiming the existence of mutual debts – *i.e.*, Ferguson's debt of $250,000 and Garden Ridge's debt of $310,000 – Ferguson brought a setoff claim under state law, which would place him in the position of an unsecured creditor for $60,000 ($310,000 less $250,000). (Bankr. D.I. 1518, Apr. 13, 2005); *see* 11 U.S.C. § 553(a). Garden Ridge objected to Ferguson's setoff claim for lack of mutuality because the transactions involved two separate Garden Ridge entities. Ferguson's breach of contract claim related solely to his employment by Garden Ridge Management, Inc., an entity that employed all of Garden Ridge's staff. Ferguson's promissory note was held by Garden Ridge, L.P., an entity that operated Garden Ridge's stores and paid Garden Ridge Management, Inc., a fee for use of its employees.

---

[1] On the date of confirmation, Ferguson's claim for damages against Garden Ridge Management, Inc., and his loan with Garden Ridge, L.P., were at issue between the parties.

Ferguson argues that, even if Garden Ridge Management, Inc., and Garden Ridge, L.P., were separate entities when he transacted with them, the Bankruptcy Court's confirmation of substantive consolidation effectively merged the entities, thereby creating mutuality for setoff purposes.

## II.  Discussion

The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a)(1) over the appeal from the Bankruptcy Court, which had jurisdiction pursuant to 28 U.S.C. § 157(b). We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 158(d).  The District Court's determinations are subject to plenary review.  *In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 282-83 (3d Cir. 2002).  The Bankruptcy Court's factual determinations are reviewed for clear error and its legal determinations are reviewed *de novo*.  *Id.*

Setoff rights arise under the common law of equity and "allow[] entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A."  *Citizens Bank v. Strumpf*, 516 U.S. 16, 19 (1995) (internal quotation marks omitted).  To perfect a setoff claim, the party asserting setoff rights must prove the debts between the creditor and debtor are mutual.  *See In re APF Co.*, 264 B.R. 344, 354 (Bankr. D. Del. 2001); *see also In re Czyzk*, 297 B.R. 406, 409 (Bankr. D.N.J. 2003).

The question presented is whether substantive consolidation created mutuality for setoff purposes even though, absent substantive consolidation, the element of mutuality

5

would not have otherwise been satisfied. The debts of Ferguson and Garden Ridge, Inc., would only be mutual if Garden Ridge, Inc., and Garden Ridge, L.P., had disregarded their entity separateness, a question the Bankruptcy Court did not decide when it confirmed the reorganization plan because the then-prevailing standard for substantive consolidation did not require such a finding. This Court's subsequent decision in *Owens Corning*, which held that substantive consolidation is appropriate when debtors disregard their entity separateness, 419 F.3d at 211, does not operate as an *ex post facto* finding that the Garden Ridge entities disregarded the entity separation. Whether the Garden Ridge entities lost their mutuality defense because they disregarded entity separateness when dealing with Ferguson is a factual question not resolved at the time of substantive consolidation and raised for the first time in this adversarial proceeding.

The element of mutuality is not satisfied for two related reasons. First, as the Bankruptcy Court found, the record does not support Ferguson's claim that, when he dealt with Garden Ridge Management, Inc., and Garden Ridge, L.P., he believed they were alter egos because they had acted in disregard of their corporate separateness. Second, the Bankruptcy Court's factual determination that Ferguson was employed by Garden Ridge Management, Inc., and not Garden Ridge, L.P., has support in the record and is not clearly erroneous. Ferguson was an executive of Garden Ridge and understood its business operations. His debt to Garden Ridge, L.P., cannot be setoff against his claim against Garden Ridge Management, Inc., because those debts are not mutual.

6

Although substantively consolidated with the other Garden Ridge entities, Garden Ridge, L.P., preserved its defense to Ferguson's setoff claim on grounds of lack of mutuality. In the reorganization proceeding, the Bankruptcy Court approved a substantive consolidation provision allowing the Garden Ridge debtors to retain all "legal or equitable defense[s] that the Debtors had immediately prior to the Petition Date." (A-483 (Reorganization Plan, Art. VIII(F), p. 36).) The controversy between Ferguson and the Garden Ridge entities was live at the time of the Chapter 11 proceeding, so the Garden Ridge entities must have consented to the substantive consolidation provision confirmed by the Bankruptcy Court with the mutuality defense in mind. Had *Owens Corning* been precedent when the Garden Ridge entities were substantively consolidated on April 28, 2005, the Bankruptcy Court might have considered other factors in determining the appropriateness of that relief. But because *Owens Corning* was not decided until August 15, 2005, the Bankruptcy Court's prior confirmation of substantive consolidation should not defeat the mutuality defense preserved here.

## III. <u>Conclusion</u>

For the reasons stated above, we will affirm the judgments of the Bankruptcy Court and District Court.


AMBRO, <u>Circuit Judge</u>, dissenting

This case turns on the meaning of substantive consolidation, a topic we addressed

7

in *In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005). Unlike *Owens Corning*, here we are not confronted with a dispute over whether such a strong equitable remedy for a reorganization is appropriate, as neither side wants to undo the deemed consolidation contained in the debtors' Plan of Reorganization. *See id.* at 211 (recognizing that deemed consolidation is consensual).[2] The only question is whether Ferguson is entitled to benefit from that consolidation in the form of a setoff. Because I believe the substantive consolidation here necessarily destroyed a mutuality defense to setoff, I would reverse the judgment of the District Court (which affirmed the Bankruptcy Court's decision) and allow Ferguson to claim a setoff.

> Substantive consolidation . . . "treats separate legal entities as if they were merged into a single survivor left with all the cumulative assets and liabilities (save for inter-entity liabilities, which are erased). The result is that claims of creditors against separate debtors morph to claims against the consolidated survivor." Consolidation restructures (and thus revalues) rights of creditors and for certain creditors this may result in significantly less recovery.
>
> . . . .
>
> Substantive consolidation . . . affects distribution to innocent creditors . . . . The bad news for certain creditors is that, instead of looking to assets of the subsidiary with whom they dealt, they now must share those assets with all creditors of all consolidated entities, raising the specter for some of a significant distribution diminution.

---

[2] My colleagues conflate a deemed consolidation with consolidation to remedy a pre-petition disregard of entity separateness. The former must have the consent of interested parties. While the latter conceivably may be consensual, it typically is achieved by a Court finding over objection (in which the Bankruptcy Court would consider the principles set out in *Owens Corning*). Thus, any reference in the majority's opinion to "disregard[ing] entity separateness . . . [as] a factual question" is not relevant here.

8

*Id.* at 205–06 (*quoting Genesis Health Ventures, Inc. v. Stapleton (In re Genesis Health Ventures, Inc.)*, 402 F.3d 416, 423 (3d Cir. 2005)). In short, substantive consolidation is a blunt instrument that has a profound effect on creditors' rights.

As a result of the substantive consolidation of the Garden Ridge debtors, *all* assets and *all* liabilities of *all* debtors were deemed the assets and liabilities of Garden Ridge, L.P., "for all purposes related to the Plan," and "each and every Claim filed or to be filed shall be deemed filed against the Consolidated Debtors, and shall be deemed one claim against and obligation of the Consolidated Debtors." J.A. 473 (Reorganization Plan, Art. VI). The effect of this consolidation is extraordinary; while some of the individual Garden Ridge debtors could claim the "*I* do not owe *you*" defense to creditors of other individual Garden Ridge debtors prior to consolidation, that defense was no longer available after consolidation.

For example, assume companies X, Y, and Z are independent legal entities. X borrows only from Bank A, Y borrows only from Bank B, and Z borrows only from Bank C. Bank A can only collect from company X, for companies Y and Z do not owe Bank A any money. Indeed, if Bank A tried to collect from companies Y and Z, each would simply respond "*I* do not owe *you*" and refuse to pay.

However, assume that companies X, Y, and Z file for bankruptcy and are substantively consolidated into debtor XYZ. The assets of companies X, Y, and Z thus are pooled into XYZ. So are the liabilities. Hence, Banks A, B, and C all have claims

9

against XYZ. Whereas before consolidation Bank A did not have any claim against the assets of companies Y or Z, it now does. Furthermore, while it used to have the sole claim against the assets of company X, it now shares those assets with Banks B and C. This is how "[c]onsolidation restructures (and thus revalues) rights of creditors and for certain creditors this may result in significantly less recovery." *Owens Corning*, 419 F.3d at 205.

The situation is no different in this case. Ferguson had a claim against one of the Garden Ridge debtors (which, if proven, is a liability of that debtor). He also owed money to a different one of the Garden Ridge debtors (so it is an asset of that other debtor). For ease of administering the debtors' reorganization, a deemed consolidation ignores walls of separation in the claims process. This is the essence of the consensual tack taken. Fortunately for Ferguson (and unfortunately for some of Garden Ridge's other creditors), this means that he now has a claim against the consolidated debtor, Garden Ridge, L.P., as well as a debt to that same consolidated debtor. By virtue of the deemed consolidation, the debts are now deemed mutual.

As the majority recognizes, setoff rights "allow[] entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995) (internal quotation marks omitted). As a consequence of the deemed consolidation, Ferguson owes Garden Ridge, L.P., and Garden Ridge, L.P., owes

10

Ferguson. Accordingly, Ferguson is entitled to a setoff.

My colleagues believe, however, that this result is side-stepped when the Plan buries a single sentence in another section that the debtors retain all "legal or equitable defense[s] . . . [they] had immediately prior to the Petition Date" that are "not specifically waived or relinquished by th[e] Plan," and the Plan does neither specifically. *See* J.A. 483 (Reorganization Plan, Art. VIII.F). My response is that substantive consolidation by definition destroys the mutuality defense—it turns assets and liabilities of individual entities into assets and liabilities of a single consolidated entity. The "*I* do not owe *you*" defense is necessarily destroyed, and there is no mutuality barrier to setoff. Garden Ridge may find this outcome distasteful, but it is a side effect of the strong medicine of substantive consolidation. Its effect "restructures . . . the rights of creditors," *Owens Corning*, 419 F.3d at 205, occasionally aiding one like Ferguson. That is the nature of the beast.[3]

What does this case mean in practice? The majority opinion allows the debtors to play "heads I win, tails you lose" with Ferguson. The debtors apparently are consolidated only when Ferguson owes them money, but not when they owe him money. Instead of potentially offsetting $250,000 of mutual debt ("real dollars," *i.e.*, 100 cents on the dollar) and leaving Ferguson with an unsecured $60,000 claim ("bankruptcy dollars," *i.e.*, if the

---

[3] The majority here concludes the "Garden Ridge entities must have consented to the substantive consolidation provision." As they proposed it, no doubt they consented. If the majority meant that Ferguson consented, it is true that he did not object to the proposal of a deemed consolidation, likely because he perceived it as removing an obstacle to his setoff claim.

11

claim is allowed, only a portion of each dollar is paid) against the consolidated debtors, under my colleagues' reading Ferguson owes $250,000 ("real dollars") to the consolidated debtors and has an unsecured $310,000 claim ("bankruptcy dollars") against them.

Going forward, creditors are forewarned that debtor Jekyll seeking a deemed consolidation for claims purposes may become debtor Hyde when it comes to the consequences of that consolidation. For these reasons, I respectfully dissent.