# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

14-10414
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2014

Lyle W. Cayce
Clerk

---

LORI BETH HABERMAN

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-1018

---

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit judges.

PER CURIAM:*

Lori Beth Haberman, proceeding *pro se*, appeals the district court's order and judgment of March 20, 2014 denying her motion seeking the return of, or compensation for, property.

## I.

Ms. Haberman and her brother Lawrence Haberman were co-owners of a piece of real property at 19331 Goldwin in Southfield, Michigan (the Goldwin

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property).  Each held a one half interest in the property as joint tenants.  Ms. Haberman had lived on the property for years.  On January 16, 2008, a superseding indictment charged both siblings with drug offenses. The indictment contained a forfeiture notice explaining that the Goldwin property was subject to forfeiture under 21 U.S.C. § 853.  Lawrence Haberman pled guilty to Count One of the superseding indictment on February 1, 2008, and the district court issued a Preliminary Order of Forfeiture on March 4, 2008. The Preliminary Order ordered Lawrence Haberman to forfeit the Goldwin property under 21 U.S.C. § 853(a) and Fed. R. Crim. P. 32.2(b)(2).

In a separate superseding information dated January 29, 2008 which did not contain a forfeiture notice, Ms. Haberman was charged with interstate travel in aid of a racketeering enterprise.  On Feburary 1, 2008, Ms. Haberman pled guilty to the racketeering charge.  The district court issued its judgment on July 7, 2008, and the sentence included a fine of $50,000.  Ms. Haberman was not ordered to forfeit any property.

Returning to the case against Lawrence Haberman and the related criminal forfeiture, on April 7, 2008, Ms. Haberman had filed a petition asserting her third-party interest in the Goldwin property under 21 U.S.C. § 853(n).  The court entered a final order of forfeiture against Lawrence Haberman on August 7, 2008 which recognized Ms. Haberman's one half vested interest in the Goldwin property.  The order directed that once the property was sold, 50% of the net sales proceeds should be paid to the District Clerk for the Northern District of Texas to be applied to Ms. Haberman's $50,000 fine.  Any remainder after the fine was paid off was to be paid to Ms. Haberman.

Pursuant to the forfeiture order, the Goldwin property was sold for $48,136.55 in July 2009.  After various expenses associated with the upkeep and sale of the property were discharged, and taxes and liens were paid, the

No. 14-10414

net sales proceeds amounted to only $20,876.83. Ms. Haberman's criminal fine balance was accordingly reduced by her share of the proceeds, or $10,438.42, on September 21, 2009.

On December 23, 2013, Ms. Haberman filed a motion seeking return of, or compensation for, the Goldwin property. The district court construed the motion as a civil action under 28 U.S.C. § 1331. The United States moved the court to dismiss the case for failure to state a claim or, in the alternative, to grant summary judgment. On March 20, 2014, the court denied all relief without specifying whether it was dismissing for failure to state a claim on which relief can be granted or granting summary judgment.

## II.

Because the court did not explain the basis of its final judgment, we will assume that the court dismissed the case under Fed. R. Civ. P. 12(b)(6), the more plaintiff-friendly standard. We review the court's decision to dismiss de novo.[1] We accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff."[2] Taking all of Ms. Haberman's pleaded facts as true, she has not stated a claim on which relief can be granted.

We construe the pleadings of *pro se* litigants liberally.[3] Ms. Haberman argues that several errors infect the forfeiture of the Goldwin property and the distribution of the sale proceeds. First, she argues that her property was not subject to forfeiture because various requirements were not met. Second, she argues that she has not been compensated for the sale of the property. Third, she argues that the forfeiture was invalid because no warrant was issued to seize the property. Finally, on appeal, she argues generally that she was denied due process of law in connection with the seizure of property.

---

[1] *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 672 (5th Cir. 2013).

[2] *Id.* (citation omitted).

[3] *Barksdale v. King*, 699 F.2d 744, 746 (5th Cir. 1983).

No. 14-10414

Ms. Haberman's allegations that the proper procedures were not followed are based on misunderstandings about forfeiture law and the legal significance of what happened to the Goldwin property. Ms. Haberman is correct that her interest in the property could not be legally forfeited without certain procedures being followed, but her property was not legally forfeited. Rather, her brother's interest in the Goldwin property was forfeited. Ms. Haberman's interest was recognized as valid and calculated to be $10,438.42. This sum was in fact applied to reduce the fine Ms. Haberman owes the United States.

Contrary to Ms. Haberman's second argument, she has in fact been compensated for her interest in the Goodwin property through the reduction in the balance of the fine against her. The Government calls our attention to "the right of setoff" which "allows entities that owe each other money to apply their mutual debts against each other."[4]  This set-off can be applied in situations involving criminal fines.[5]  In a somewhat analogous situation, courts have also found that property seized by the Government in criminal cases can be applied directly to criminal fines as long as the Government's interest in the fines being paid outweighs the defendant's interest in the property.[6]  Overall, we are persuaded that the Government was not obligated to deliver the sale proceeds to Ms. Haberman in the face of the unqualified debt she owes to it.

---

[4] *Citizens Bank of Md. V. Strumpf*, 516 U.S. 16, 18 (1995); *see also United States v. Munsey Trust Co. of Washington, D.C.*, 332 U.S. 234, 239 (1947).

[5] *See Ikelionwu v. United States*, 150 F.3d 233, 239 (2d Cir. 1998) (finding that if the defendant showed that his currency had been wrongfully forfeited, the Government could properly use the currency to set-off criminal fines owed by the defendant rather than returning it to him); *Reynolds v. United States*, CIV. 00-40094, 2009 WL 3831393, at *1 (E.D. Mich. Nov. 16, 2009) (finding that money paid towards a fine for an offense later vacated could be used by the Government to offset another fine).

[6] *See, e.g.*, *United States v. Duncan*, 918 F.2d 647, 653-54 (6th Cir. 1990).

No. 14-10414

Moving on to her third argument, Ms. Haberman is correct that no warrant was issued for the seizure of the Goodwin property in the criminal forfeiture directed against her brother. Ms. Haberman argues that a warrant was necessary because 21 U.S.C. § 853(f) and/or 18 U.S.C. § 981(b) require it. Ms. Haberman is mistaken. There are several different kinds of forfeiture, and different laws apply depending on the type of forfeiture at issue.[7] Lawrence Haberman's property was forfeited under the authority of 21 U.S.C. § 853. This is a type of criminal forfeiture. Under § 853(f) a warrant may be issued in some cases in order to protect property prior to conviction, but is not required. Instead, the order of forfeiture is what authorizes the Attorney General "to seize all property ordered forfeited."[8] In contrast, 18 U.S.C. § 981 deals with civil forfeiture and is not applicable in this case.

Finally, Ms. Haberman has not been deprived of due process of law as that term is understood in United States law. While the failure to follow proper forfeiture procedures can violate due process principles,[9] no such failure occurred in this case. We have squarely held that the § 853(n) procedure adequately protects the rights of third parties in property that may be subject to forfeiture.[10] In this case, pursuant to § 853(n), the district court properly recognized and accounted for Ms. Haberman's interest.

Ms. Haberman's frustration is understandable. Due to the criminal forfeiture proceeding against her brother, her one half interest in the $65,000

---

[7] *See generally* Heather J. Garretson, *Federal Criminal Forfeiture: A Royal Pain in the Assets*, 18 S. Cal. Rev. L. & Soc. Just. 45 (2008); Annette Gurney, *Beginner's Guide to Federal Forfeiture*, J. Kan. B. Ass'n, Mar. 2001, at 18.

[8] 21 U.S.C. § 853(g).

[9] *See, e.g.*, *United States v. Shakur*, 691 F.3d 979, 988-89 (8th Cir. 2012) (finding that forfeiture was contrary to due process when the district court violated Fed. R. Crim. P. 32.2).

[10] *United States v. Holy Land Found. for Relief & Dev.*, 493 F.3d 469, 478 (5th Cir. 2007) ("[W]e are readily satisfied that the system set out in § 853 provides [the third-party claimants] with due process."); *see also Libretti v. United States*, 516 U.S. 29, 44 (1995) (rejecting the argument that § 853(n) is inadequate to protect third-party rights).

assessed value of her home has turned into only $10,438.42. Moreover, Ms. Haberman never personally received control of this money, because it was applied directly against her fine. We understand that this state of affairs may feel to Ms. Haberman very much as if her property has been forfeited. However, in legal terms, that is not what happened.

### III.

Because Ms. Haberman's pleadings are based on misunderstandings of forfeiture law, she failed to state a claim on which relief could be granted. Thus dismissal was proper under Fed. R. Civ. P. 12(b)(6). Accordingly the order is AFFIRMED.