# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2938

_____

In re:  Alvin James Falzerano,           *
                                         *
               Debtor.                   *
------------------------------------------  *
John S. Lovald, Trustee,                 *
                                         *    Appeal from the
               Plaintiff-Appellant,      *    Bankruptcy Appellate Panel
                                         *    for the Eighth Circuit.
          v.                             *
                                         *
Gerald Wayne Falzerano, et al.,          *
                                         *
               Defendants-Appellees.     *

_____

Submitted: April 16, 2012
Filed:   July 23, 2012

_____

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

In this core adversary proceeding, Chapter 7 bankruptcy Trustee John Lovald appeals an order of the Bankruptcy Appellate Panel (BAP) denying his turnover action on the ground that an unjust enrichment claim exceeds the scope of 11 U.S.C. § 542(a), a remedy limited to recovering property of the bankruptcy estate in the possession, custody, or control of a third party.  Reviewing the BAP's legal

conclusions *de novo*, we agree with its interpretation of § 542(a) and therefore affirm. See In re Farmland Indus., 397 F.3d 647, 650 (8th Cir. 2005) (standard of review).

Theresa Ann Falzerano died in December 2001. To avoid a will contest, her husband, Debtor Alvin Falzerano, entered into a family settlement agreement with the other heirs, his five children and a grandchild. The agreement left Theresa's cattle and the 320-acre cattle ranch where she and Debtor had lived in equal shares to four children and the grandchild, subject to a life estate giving Debtor rights to use the real estate "for his own purposes" during his lifetime and "to run the cattle herd and raise the cattle for the heirs" and "use the profits from the land and cattle for his own living expenses." After entering into the family agreement, Debtor continued living on the ranch and managing approximately 107 head of probate estate cattle and 150 head that Debtor pastured for two others in exchange for a share of their calves.

Later that winter, Debtor retrieved hay Theresa had purchased from Orand Liebelt for $10,000. Debtor fed the hay to the cattle that winter, when hay was in short supply. But he did not pay Liebelt because, as Debtor later testified, the hay was of very poor quality. Liebelt sued Debtor in state court. A jury awarded him $10,000, plus interest and costs. Debtor then filed for Chapter 7 bankruptcy relief. The Trustee commenced this adversary turnover proceeding under 11 U.S.C. § 542(a) against the probate estate and the other parties to the family agreement, alleging that "Defendants owe Debtor money for bills associated with the care of the cattle, rent for use of the nonexempt 160 acres of land, and net profits from the cattle that accrued prepetition." The Complaint asserted that this debt is "property of the estate" for purposes of the § 542(a) turnover claim. By this time, Debtor had sold all but thirty of the probate estate's cattle.

After a bench trial, the bankruptcy court concluded that Defendants may be ordered to turn over to the bankruptcy estate any amount by which they were unjustly enriched, relying on our decision in In re NWFX, Inc., 864 F.2d 588, 591 (8th Cir.

1988). However, the court further concluded after careful review of the facts that Defendants were not unjustly enriched because the family agreement provided Debtor with the net profits of the cattle operation. "By allowing Debtor to keep the net profits from the probate estate's cattle, the probate estate and the heirs have already effectively compensated Debtor for both the hay and the use of the nonexempt parcel." The Trustee appealed this fact-intensive ruling. Although agreeing with the bankruptcy court that Defendants were not unjustly enriched, the BAP affirmed on an alternative ground -- that a claim for unjust enrichment based upon a disputed debt is beyond the scope of § 542(a) because actions to collect a debt owed to a bankruptcy estate "are governed by § 542(b), not § 542(a)."[1]

On appeal, the Trustee argues (1) that the BAP erred because the bankruptcy court correctly construed In re NWFX in holding that amounts by which Defendants were unjustly enriched are subject to a § 542(a) turnover order, and (2) that the bankruptcy court erred in permitting Defendants to set off the Liebelt hay bill and unpaid pasture rent against non-existent cattle profits allegedly paid to Debtor. We need only address the first contention.

A Chapter 7 bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 542(a) is one of several provisions that bring into the estate property that was not in the debtor's possession when the case commenced. Section 542(a) "requires an entity (other than a custodian) holding any property of the debtor that the trustee can use under § 363 to turn that property over to the trustee." United States v. Whiting Pools, Inc., 462 U.S. 198, 205-06 (1983). This section "permits a

---

[1]Section 542(b) provides that, subject to offset, a third party that owes a debt to the bankruptcy estate "that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee." The BAP held that the debt alleged here was neither mature nor payable on demand. The Trustee never asserted a § 542(b) claim and does not appeal that ruling.

trustee to compel turnover only from entities which have control of property of the estate or its proceeds at the time of the turnover demand." In re Pyatt, 486 F.3d 423, 429 (8th Cir. 2007); cf. In re Graves, 609 F.3d 1153, 1158 (10th Cir. 2010). "Turnover proceedings are not to be used to liquidate disputed contract claims." In re Charter Co., 913 F.2d 1575, 1579 (11th Cir. 1990).[2]

The Trustee argues In re NWFX, 864 F.2d 588, broadly held that an unjust enrichment claim to recover money owed to the debtor may be brought under § 542(a) because a debtor's equitable interest in the debt is property of the bankruptcy estate. That assertion requires a closer look at this precedent. In In re NWFX, the debtor sold money orders through grocery stores and other retailers acting as its

---

[2]Adhering to this limitation seems essential after the Supreme Court's recent decision in Stern v. Marshall, 131 S. Ct. 2594 (2011). The Bankruptcy Code includes "orders to turn over property of the estate" among the "core" proceedings that bankruptcy judges "may hear and decide." 11 U.S.C. § 157(b)(2)(E). In Stern, 131 S. Ct. at 2620, the Court held that Congress, by including common law counterclaims as core proceedings, violated the limitation in Article III of the Constitution that the "judicial power" may only be vested in Article III courts. Bankruptcy courts applying Stern have so far held that *bona fide* turnover actions are permissible core proceedings because "the exercise of exclusive jurisdiction over all the debtor's property" is one of the "[c]ritical features of every bankruptcy proceeding." In re Garcia, 471 B.R. 324, 329 (Bankr. D.P.R. 2012), quoting Central Va. Comm. College v. Katz, 546 U.S. 356, 363, 64 (2006); accord In re SE Materials, Inc., 467 B.R. 337 (Bankr. M.D.N.C. 2012); In re McCrory, 2011 WL 4005455 (Bankr. N.D. Ohio Sept. 8, 2011).

The bankruptcy court resolved the merits of the Trustee's unjust enrichment claim under state law, without identifying any tangible property of the bankruptcy estate at issue other than the alleged debt. This would require further analysis to be upheld under Stern. Our conclusion that the BAP properly limited § 542(a) to property turnover claims, consistent with the plain text of both § 542(a) and § 157(b)(2)(E), avoids the issue. We decline to otherwise address the impact of Stern, if any, on turnover proceedings.

agents.  The agents held the sale proceeds in trust for NWFX, remitting them on a weekly basis less the agent's fee.  NWFX filed for bankruptcy, and its trustee commenced turnover actions against the retailer agents to recover unremitted money order proceeds.  Some retailers refused to remit proceeds they had refunded to their customers who purchased dishonored money orders.

The resulting disputes came before three different panels of this court.  The opinion on which the Trustee relies contains unjust enrichment language that can be broadly read.  But that language is properly read as limited to the facts of the case -- bankruptcy debtor NWFX placed unissued money orders in the hands of agents authorized to sell that property and remit the proceeds to NWFX, not unlike a typical consignment sale arrangement for tangible goods or equipment.  Under such an arrangement, even without a written contract, the debtor's interest in unremitted proceeds is an equitable interest in property of the bankruptcy estate that is subject to a § 542(a) turnover action.  All three panels agreed on that point, although they disagreed as to whether proceeds refunded to money order purchasers were subject to turnover.  See In re NWFX, 864 F.2d 588, 591 ("under Texas law, [debtor] has an interest in at least some of the proceeds presently held by [the grocery store chain]"); In re NWFX, Inc., 864 F.2d 593, 595 (8th Cir. 1989) ("The trustee argues that the full $141,881.34 held by Handy Andy . . . should be turned over . . . as property of the debtors' estates pursuant to 11 U.S.C. § 542(a).  We agree."); In re NWFX, Inc., 881 F.2d 530, 538 (8th Cir. 1989) ("the only interest . . . NWFX had in the moneys held by Pyburn was an equitable interest in . . . the amount held by Pyburn from the sale of money orders remaining after it made refunds to money order purchasers").[3]  The BAP correctly concluded that our NWFX decisions "did not recognize unjust

_____

[3]We vacated the panel's decision in the third case, which noted inconsistent results in the prior two, by granting rehearing en banc and affirming by an equally divided court.  In re NWFX, Inc., 904 F.2d 469 (8th Cir.), cert. denied, 498 U.S. 941 (1990).  Thus, the three In re NWFX opinions are doubtful precedents except as to an issue on which they all agreed.

-5-

enrichment as a basis for collecting a debt under § 542(a)." Thus, the Trustee's claim for unjust enrichment based upon a debt owed was beyond the scope of § 542(a).

The Trustee also argues that, at the time of trial, the probate estate still had possession of thirty head of cattle, property that made this turnover claim "within the scope of § 542(a)." We disagree. This contention was not pleaded or argued in the bankruptcy court; the Trustee sought the turnover of money Defendants allegedly owed for the Liebelt hay and for pasture rent. Moreover, the contention is factually wrong. Debtor's son testified that "the family settlement agreement spelled out that [Debtor] got the net profits from the cattle and so I don't know how anybody would claim that [Defendants] had any part of the cattle." Debtor, not Defendants, was in possession of the cattle (or proceeds from cattle sales) when the Trustee filed the turnover action. The heirs' possible future possession of cattle at the end of Debtor's life estate does not satisfy § 542(a)'s requirement that a turnover defendant have present "possession, custody, or control" of the property the Trustee seeks to recover. In re Pyatt, 486 F.3d at 429.

The judgment of the Bankruptcy Appellate Panel is affirmed.

_____