**IN RE: TURNER GRAIN MERCHANDISING, INC.**

Turner Grain Merchandising, Inc., Plaintiff

v.

Helena National Bank, Defendant

Case No. 2:14-bk-15687 J
AP NO. 2:14-ap-01110

United States Bankruptcy Court, E.D. Arkansas, Helena Division.

Signed February 2, 2016

Kevin P. Keech, Keech Law Firm, PA, Little Rock, AR, for Plaintiff.

David B. Vandergriff, Quattlebaum, Grooms, Tull & Burrow, PLLC, Little Rock, AR, for Defendant.

Lyndsey D. Dilks, Dilks Law Firm, Little Rock, AR, for Creditor Committee.

## ORDER ON MOTION FOR SUMMARY JUDGMENT AND NOTICE OF OPPORTUNITY TO RESPOND

Phyllis M. Jones, United States Bankruptcy Judge

On November 19, 2014, Turner Grain Merchandising, Inc., the Chapter 11 Debtor-in-Possession at the time (the "**Debtor**"), filed a Complaint for Turnover against Helena National Bank ("HNB") initiating the instant adversary proceeding. (Compl., AP Doc. No. 3).[1] In the complaint, the Debtor requests an order from this Court directing HNB to turn over $314,766.77 held in an account maintained by the Debtor at HNB. (Compl. ¶¶ 7, 14, AP Doc. No. 3). HNB filed its answer to the complaint on December 19, 2014. (Answer, AP Doc. No. 11). On May 15, 2015, the Debtor's underlying case was converted to a case under the provisions of Chapter 7 of the Bankruptcy Code. (Order and Notice of Conversion, Doc. No. 293). The same day, Richard L. Cox was appointed as Chapter 7 Trustee (the "**Trustee**"). (Notice of Appointment, Doc. No. 294).

Currently pending before the Court is the Motion for Summary Judgment filed by the Trustee on October 30, 2015. (Mot. for Summ. J., AP Doc. No. 23). The motion was accompanied by a brief in support of the motion and also a statement of undisputed facts as required by General Order No. 37 of the United States Bankruptcy Courts for the Eastern and Western Districts of Arkansas. (Br. in Supp. Mot. for Summ. J. & Statement of Undisputed Facts, AP Doc. Nos. 24 & 25); Gen. Order No. 37(a). Although General Order No. 37 provides the non-moving party with twenty-eight days in which to respond to a motion for summary judgment, HNB has not filed a response to the motion, and the response time has passed. Gen. Order No. 37(d). Accordingly, pursuant to General Order No. 37(c), all material facts set forth in the movant's statement of undisputed facts "shall be deemed admitted" for purposes of the motion for summary judgment and "any facts alleged to be undisputed in the moving party's motion and supporting affidavits may be taken as true." Gen. Order No. 37(c).

### JURISDICTION

The Court has jurisdiction of this case under 28 U.S.C. § 1334 and § 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).[2]

### UNDISPUTED FACTS

The undisputed facts establish the following:

---

1. References to "AP Doc. No." shall refer to documents filed in this adversary proceeding, AP No. 2:14–ap–01110. References to "Doc. No." shall refer to documents and events filed in the Debtor's underlying bankruptcy case, Case No. 2:14–bk–15687.

2. The parties agree this matter is a core proceeding. (Compl. ¶ 6, AP Doc. No. 3; Answer ¶ 6, AP Doc. No. 11).

(1) HNB is a banking institution with whom the Debtor holds an account;

(2) at the time the complaint was filed, and at the time the Motion for Summary Judgment was filed, the amount held in the Debtor's account with HNB was $314,766.77 (the "**Account Funds**");

(3) the Account Funds constitute property of the Debtor's bankruptcy estate;

(4) HNB claims no ownership interest in the Account Funds; and

(5) HNB has failed to remit the Account Funds to the Debtor because of a fear of plural liability due to alleged competing claims to the Account Funds.

(Statement of Undisputed Facts,. AP Doc. No. 25). In addition, HNB does not raise setoff as an affirmative defense in its answer. (Answer, AP Doc. No. 11).

### SUMMARY JUDGMENT STANDARD

Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, Rule 56 of the Federal Rules of Civil Procedure applies to adversary proceedings. FED. R. BANKR. P. 7056. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the burden of establishing there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact

exists. It is not enough to rest on the pleadings and allegations." *Nat'l Bank of Commerce v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir.1999) (citing *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir.1998)); *see also* FED. R. CIV. P. 56(c).

The Court must review the facts in the light "most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts." *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1997); *see also Cont'l Airlines, Inc. v. Boatmen's Nat'l Bank of St. Louis*, 13 F.3d 1254, 1257 (8th Cir.1994) (stating the non-moving party is given the "benefit of all reasonable inferences to be drawn from the facts" (citing *Wymore State Bank v. Johnson Int'l Co.*, 873 F.2d 1082, 1085 (8th Cir.1989))).

### TURNOVER

In the Motion for Summary Judgment and accompanying documents, the Trustee alleges that no genuine issue of material fact exists and that turnover of the Account Funds is required pursuant to Section 542(a) of the Bankruptcy Code. Section 542(a) provides:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a) (2012). Section 542(a) requires an entity "in possession, custody, or control" of property of the estate[3] or

---

3. Section 542(a) does not specifically reference "property of the estate"; however, courts

property the debtor may exempt to deliver the property to the trustee, subject to certain exceptions. 11 U.S.C. § 542(a) (2012). The Trustee moves for summary judgment under Section 542(a). This Court believes the Trustee's reliance on Section 542(a) to request turnover of a bank account *from a banking institution* is misplaced.[4]

While Section 542(a) applies to property of the estate generally and to property the debtor may exempt, Section 542(b) applies specifically to *debts* that are property of the estate. Section 542(b) of the Bankruptcy Code provides:

> Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

11 U.S.C. § 542(b) (2012). Section 542(b) thus applies to "a debt that is property of the estate and is matured, payable on demand, or payable on order." 11 U.S.C. § 542(b) (2012). A bank account is a debt owed by a bank to the depositor that is payable on demand or on order. *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 19, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995) (characterizing funds in debtor's bank account as a debt owed by the bank to the debtor); *Brown v. Pyatt (In re Pyatt)*, 486 F.3d 423, 430 (8th Cir.2007) ("a bank account is a debt the bank owes to the depositor"); *Calvin v. Wells Fargo Bank, N.A. (In re Calvin)*, 329 B.R. 589, 595 (Bankr.S.D.Tex.2005) ("the debt owed by a bank in the form of an account is payable on demand or on order"). Furthermore, a debtor's interest in a bank account on the petition date constitutes property of the debtor's estate because property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (2012); *see also In re Calvin*, 329 B.R. at 595.

Accordingly, several courts have found that banks are obligated to turnover account funds to the trustee pursuant to Section 542(b). *In re Pyatt*, 486 F.3d at 430 (stating that 542(b) obligates banks to turn over funds in the debtor's bank account to the trustee); *Wells Fargo Bank, N.A. v. Jimenez*, 406 B.R. 935, 944 (D.N.M.2008) (stating that funds in the debtor's bank account on the petition date are subject to turnover to the trustee pursuant to Section 542(b) (citing *In re Spencer*, 362 B.R. 489, 493–94 (Bankr.D.Kan.2006))); *Hoffman v. Portland Bank (In re Hoffman)*, 51 B.R. 42, 45 & n. 1 (Bankr.W.D.Ark.1985) (stating that bank account funds become property of the estate on the petition date subject to turnover pursuant to Section 542(b)).

Moreover, courts have found that Section 542(b), as the more specific statutory provision, takes precedence over the more general Section 542(a). *See In re Randolph Towers Coop., Inc.*, 458 B.R. 1, 5 (Bankr.

---

have agreed that by referring to Section 363(a), Section 542(a) requires turnover of property of the estate. *See, e.g., Brown v. Pyatt (In re Pyatt)*, 486 F.3d 423, 427 (8th Cir.2007) ("By referring to § 363, a section which authorizes the trustee to 'use, sell, or lease … property of the estate,' the drafters of § 542(a) made it clear that the turnover obligation applies to property of the estate.").

4. The Court acknowledges that Section 542(a) may be applicable to pursue turnover of funds in an account *from the debtor*. *See In re Pyatt*, 486 F.3d at 427–28 (acknowledging that debtor had control over account funds sufficient for trustee to compel turnover under Section 542(a) before bank honored certain checks written pre-petition).

D.D.C.2011) (stating that Section 542(b) governs turnover of bank accounts, not Section 542(a)); *In re Calvin,* 329 B.R. at 596 (discussing differences between 542(a) and (b) and determining that the more specific provisions of 542(b) required the bank to turn over the account funds to the trustee; *see also Lovald v. Falzerano (In re Falzerano),* 686 F.3d 885, 886–88 (8th Cir.2012) (affirming B.A.P. decision finding that a claim for unjust enrichment based upon a disputed debt was "beyond the scope of § 542(a) because actions to collect a debt owed to a bankruptcy estate 'are governed by § 542(b), not § 542(a)' ").

Here, the Trustee seeks turnover of the Accounts Funds from HNB. The undisputed facts establish that HNB is a banking institution and the Debtor holds a bank account with HNB. The undisputed facts further establish that $314,766.77 remains in the account, which funds constitute property of the Debtor's estate. Furthermore, HNB has not asserted that the debt it owes the Debtor in the amount of the Account Funds may be offset under Section 553 of Bankruptcy Code. In fact, the undisputed facts establish that HNB claims no ownership interest in the Account Funds. Accordingly, the account maintained by the Debtor at HNB falls within the purview of Section 542(b) as it is a debt owed by HNB that is property of the estate and payable on demand or on order.

■ Based on the facts before the Court, the Court finds that turnover is warranted under Section 542(b). However, because Section 542(b) was not raised by the Trustee, the Court finds that it must give notice and a reasonable opportunity for the parties to respond before granting summary judgment on grounds not raised by a party pursuant to Rule 56(f)(2) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. *See* FED. R. CIV. P. 56(f)(2) ("[a]fter giving notice and a reasonable time to respond, the court may ... (2) grant the motion [for summary judgment] on grounds not raised by a party").

Accordingly, notice is hereby given that the parties have fourteen (14) days from the date of this order within which to file a response to the Court's intentions of granting summary judgment in favor of the Trustee under Section 542(b) of the Bankruptcy Code. Responses shall be filed with the Clerk of the Court at 300 West Second Street, Little Rock, AR 72201. If no responses are filed, the Court will grant the Trustee's Motion for Summary Judgment and order turnover of the Account Funds pursuant to 11 U.S.C. § 542(b). If a response is filed, the matter will be set for hearing by subsequent notice.

IT IS SO ORDERED.